IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SIONE VATUVEI,<br><br>                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 2:20-CV-607 TS<br>Criminal Case No. 2:09-CR-758 DB<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons discussed below, the Court will deny the Motion and dismiss this case.

## I.  BACKGROUND

Petitioner was convicted of discharging a firearm during and in relation to a Hobbs Act Robbery in violation of 18 U.S.C § 924(c) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Petitioner now argues that his underlying § 924(c) conviction is no longer a crime of violence in light of *United States v. Davis*.[1]

## II.  DISCUSSION

Petitioner asserts that his conviction under 18 U.S.C. § 924(c) is no longer a crime of violence.  In *United States v. Davis*, the Supreme Court held that the crime of violence definition in § 924(c)(3)(B) was unconstitutionally vague.[2]  However, the definition of crime of violence in

---

[1] 139 S. Ct. 2319 (2019).

[2] *Id.* at 2336.

§ 924(c)(3)(A) remains valid.  The United States Court of Appeals for the Tenth Circuit has

repeatedly held that Hobbs Act Robbery, Petitioner's predicate offense, is categorically a crime

of violence under § 924(c)(3)(A).[3]  The Tenth Circuit has continued to so hold after *Davis*.[4]

Because Petitioner's § 924(c) conviction remains valid under the elements clause of §

924(c)(3)(A), his Motion fails.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody (Docket No. 1 in Case No. 2:20-CV-607 TS) is

DENIED and DISMISSED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an

evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court

DENIES Petitioner a certificate of appealability.

DATED this 8th day of January, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[3] *See United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–66 (10th Cir. 2018).

[4] *See United States v. Myers*, 786 F. App'x 161, 162 (10th Cir. 2019).